IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GEORGIA ROY,

        Plaintiff,

        vs.                        Case No. 10-2565-JTM

CHILI'S OF KANSAS, INC., AND FAULTLESS
LAUNDRY COMPANY,

        Defendants.

MEMORANDUM AND ORDER

Plaintiff Georgia Roy alleges that on January 12, 2008, she slipped and fell while dining at an On the Border Mexican Grill and Cantina, located at 5200 W. 119th Street in Leawood, Kansas. (Dkt. 1, at ¶ 11). The accident occurred, she contends, because of the unsafe condition of the carpet in the restaurant. *(Id.* at ¶ 13). In her Complaint, filed on October 18, 2010, she brought claims against both defendant, Chili's of Kansas, Inc., which she alleges was the owner and operator of the restaurant, and against Faultless Laundry, which provided services to the restaurant and installed the carpet. (*Id*. at ¶ 9, 14-15).

Roy originally filed a Petition with the Circuit Court of Jackson County, Missouri, on January 4, 2010. Chili's objected to the action, arguing that the Missouri court lacked personal jurisdiction. The court dismissed her claims without prejudice for lack of personal jurisdiction on April 20, 2010.

The Complaint in the present action was served upon John White, current General Manager

of On The Border Mexican Grill & Cantina located at 5200 W. 119th Street, Leawood, Kansas, on January 17, 2011. However, at that time the restaurant was not owned by Chili's, and White was not an employee of Chili's.

Chili's specifically denied in its Answer, filed on February 1, 2011, the plaintiff's contention that it had a current business address at 5200 W. 119th Street. (Dkt. 1, at ¶ 2; Dkt. 9 at ¶ 3). From the time of the accident until the present, it has maintained a Registered Agent located in Topeka, Kansas, and this information is easily ascertainable through the Kansas Secretary of State's website. In addition, it further specifically stated in the Answer:

> In further defense, Defendant Chili's states that Plaintiff's purported service of process is invalid and there is an insufficiency of service of process as it relates to Defendant Chili's. Defendant Chili's of Kansas, Inc., no longer operates the On The Border Mexican Grill & Cantina located at 5200 W. 119th Street in Leawood, Kansas. Further, Defendant Chili's of Kansas, Inc., due to the ownership of the On The Border Mexican Grill & Cantina in Leawood, Kansas, no longer employees any individual working at that location. Plaintiff's purported service or process on the manager at the On The Border Mexican Grill & Cantina in Leawood, Kansas, on January 18, 2011, is invalid as service upon a non-agent of Defendant Chili's of Kansas, Inc.

(*Id*. at ¶ 4)

Chili's has moved to dismiss the negligence claim as time-barred, arguing that the two-year statute of limitations contained in K.S.A. § 60-513(a)(4) expired on January 12,2010, and that the plaintiff has failed to obtain proper service within 120 days of the Complaint, as provided by Fed.R.Civ.Pr. 4(m). Under Rule 4(m), Roy was required to obtain proper service by February 15, 2011.

Rule 4(m) provides:

If a defendant is not served within 120 days after the Complaint is filed, the Court — on motion or on its own after notice to the Plaintiff — must dismiss the action

without prejudice against that Defendant or order that service be made within a specified time. But if the Plaintiff shows good cause for the failure, the Court must extend the time for service for an appropriate period. This subdivision (m) does not apply to the service in a foreign country under Rule 4(f) or 4(j)(1).

Chili's contends that the action should be dismissed, since Roy has not served any valid copy of the Complaint either within two years of the original accident (K.S.A. 60-531(a)(4), governing actions for "injury to the rights of another") or within six months of the dismissal of the Missouri action (under the Kansas savings statute, K.S.A. 60-518).

Roy does not argue that the original service was valid, but argues that the court should exercise its discretion to extend the time for service under Rule 4(m). She argues that "good cause" exists, in that she served the same restaurant manager she served in the Missori action, and that by some means a copy of the Complaint passed to Chili's, as reflected in the Answer that it duly filed.

In its Reply, Chili's does not address whether good cause might exist for an extension under Rule 4(m), but contends that, since plaintiff's claim is not a federal question, such extension cannot occur because the claim is barred under the operation of the state statute of limitations. Under *Walker v. Armaco Steel*, 446 U.S. 740, 752 (1978), the court must apply "state service requirements which are an integral part of the state statute of limitations," to the extent there is no direct conflict with federal law. According to Chili's, Rule 4(m) cannot extend the time for service, because any such service would be time-barred under Kansas law. In particular, it argues that under K.S.A. 60-203(a), an action is deemed commenced at the time of the original complaint only if proper service is achieved within 90 days. Since that time has already passed, the action would commence only upon the alternative, and untimely, service of process.

Under § 60-203(a):

A civil action is commenced at the time of: (1) Filing a petition with the clerk of the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by provision (1).

This court has rejected as "without merit" the argument that Rule 4(m) preempts Kansas limitations law as to claims arising under state law. In *Seguros Popular C. x A. v. Raytheon Aircraft*, No 05-1002-JTM, 2005 WL 2099705, *1 (D. Kan. Aug. 30, 2005), the court concluded:

Although Rule 4(m) alleviates some of the effects of shorter state extensions for limitations periods, it does so only in cases presenting federal claims. The authority cited by defendant in *Henderson v. United States*, 517 U.S. 654, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996), dealt with such a federal claim, and the Supreme Court expressly noted that in actions based on state law, Rule 4(m) would not alter the existing principle that "a plaintiff must serve process before the statute of limitations has run, if state law so requires for a similar state-court suit." *Henderson*, 517 U.S. at 657.

Accordingly, notwithstanding Rule 4(m), application of K.S.A. 60-203(a) means Roy's action will commence, for statute of limitations purposes, only on the date of the proposed future service, and such a commencement would be untimely.

One additional issue may be considered. Neither party addresses the potential application of K.S.A. 60-203(b), which provides an alternative basis for finding an action commenced with the original complaint in some cases of defective service. Specifically, the statute provides:

If service of process or first publication purports to have been made but is later adjudicated to have been invalid due to any irregularity in form or procedure or any defect in making service, the action shall nevertheless be deemed to have been commenced at the applicable time under subsection (a) if valid service is obtained or first publication is made within 90 days after the adjudication, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff.

*See Grimmett v. Burke*, 21 Kan.App.2d 638, 647, 906 P.2d 156, 164 (Kan.Ct.App.1995) (holding

that statute's requirement that service "purports to have been made" requires showing "that a defendant was given actual notice of having been sued"). *See also Hughes v. Martin*, 729 P.2d 1200, 1204 (Kan.1986) (stating that subsection (b) was a response to decisions finding actions time-barred based on defective service, even where defendants had actual knowledge of the action, and plaintiffs relied on the lack of timely objection).

The Kansas Court of Appeals extensively addressed the principles underlying the statute in *Grimmett*, 21 Kan.App.2d at 647, 960 P.2d at 163-164:

> There are two ways to construe the statute, one is extremely liberal and the other appears to be a commonsense approach. A very liberal construction gives the plaintiff a second chance at service. It would establish that a plaintiff *always* gets a second chance under 60-203(b) when his or her original service has been determined invalid. This would be true no matter how inept or how lacking in good faith the original service may have been. In the extreme, a liberal approach of this nature would simply ignore the first service and extend the process far beyond applicable time frames. This approach would allow a party to simply leave a summons for John Doe at a bar, at a church, at Arrowhead Stadium, at the courthouse, or any other place and still insist that by doing so the party had "purported" to serve a defendant. Such a liberal construction is ludicrous; we do not believe it was intended and will not adopt that approach. The purpose of 60-203(b) is to give a second chance at service to a party whose original service was declared invalid despite the fact that it gave the defendant notice of suit.

> We hold that before it can be said that service has "purported to have been made," it must be shown that a defendant was given actual notice of having been sued. We also conclude that the following factors should exist: (1) The original service must have "appeared" to be valid and the returns by the sheriff's office or other process servers must indicate that the service was valid. (2) The record should show that the plaintiff believed in good faith that his or her service was valid and relied on that validity to his or her detriment. (3) The plaintiff had no reason to believe the defendant was contesting service until after the statute of limitations had run, but had no opportunity to take steps to correct the defective service.

(Emphasis in original).

The Kansas Supreme Court has approved and adopted the *Grimmett* factors. See

*Pieren-Abbott v. Kan. Dep't of Revenue*, 279 Kan. 83, 106 P.3d 492, 504 (2005). In addition, "[t]he *Grimmett* factors are cumulative. All must be present before the time extension of K.S.A. 60–203(b) is available." *Taylor ex rel Gibbens. v. Medicalodges, Inc*., Slip op., No. 102,539, 2010 WL 3324408, 236 P.3d 573 Kan.App.2d Aug. 20, 2010). *See, generally, Huebner v. Rosen*, 81 F.3d.Appx. 276, 282 (10th Cir. 2003) (statute not available as plaintiff failed to show actual notice and also failed to satisfy additional *Grimmett* factors).; *Davis v. Shawnee Mission Med*. Ctr., 2008 WL 4758591 (D. Kan. Oct. 27, 2008) (plaintiff satsified none of the three factors), *aff'd*, *Davis v. Liese*, 353 Fed.Appx. 95 (10th Cir. 2009); *Jenkins v. City of Topeka*, 958 F.Supp. 556, 561 (D. Kan. 1997) ("none of the factors set forth in *Grimmett* are satisfied in this case), *rev'd on other gds*., 136 F.3d 1274 (10th Cir. 1998).

As a result, K.S.A. 60-203(b) provides no alternative means for deeming any extension of service timely, and dismissal is the appropriate result.

IT IS ACCORDINGLY ORDERED this 25th day of May, 2011, that the defendant's Motion to Dismiss (Dkt. 14) is hereby granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE