IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GEORGIA ROY,

    Plaintiff,

    vs.                       Case No. 10-2565-JTM

CHILI'S OF KANSAS, INC., AND FAULTLESS
LAUNDRY COMPANY,

    Defendants.


MEMORANDUM AND ORDER

This matter is before the court on plaintiff Georgia Roy's Motion to Alter Judgment under Fed.R.Civ.Pr. 59(e), or in the alternative, Motion for Relief under Rule 60(b), seeking reconsideration of the court's prior Order determining that her action was untimely commenced as to defendant Chili's of Kansas, Inc. Roy alleges that she was injured in a fall at a restaurant in Leawood, Kansas. She filed her initial Complaint in this court on October 18, 2010 against Chili's, which she contends owned the restaurant, and against Faultless Laundry, which provided services to the restaurant and installed the carpet.

The court found that the action was not properly commenced as to Chili's, because service was accomplished by serving the manager of the restaurant on January 17, 2011, even though the restaurant was not owned by Chili's, and the manager was not an

employee of Chili's. The court found that the state statute of limitations, K.S.A. § 60-513(a)(4), expired on January 12, 2010, and that the plaintiff has failed to obtain proper service within 120 days of the Complaint, as provided by Fed.R.Civ.Pr. 4(m). Under Rule 4(m), Roy was required to obtain proper service by February 15, 2011.

Roy argues in her motion that the court should grant relief in light of K.S.A. 60-203(b), which offers a limited extension of the time for service in cases where service was attempted in good faith, although otherwise defective. (Dkt. 30). Chili's argues that the court should not take up Roy's motion, as it was not timely filed under Rule 60, and more generally because it is simply a reargument of matters addressed at the April 26, 2011 hearing on its Motion to Dismiss.

The court finds that reconsideration should be given, and that upon further review, the court should apply § 60-203(b). First, the court finds that Roy's motion was timely under Rule 60(b), as such motions may be made "within a reasonable time," and the court finds that the Roy's motion (Dkt. 30) was timely, as it was filed within 28 days of the court's Order dismissing the action. (Dkt. 26).

Further, the court finds that reconsideration is appropriate on the merits under Rule 59(e). Such relief may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the

exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd,* 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988). In addition, Rule 60(b)(1) provides a vehicle for correcting substantive applications of the law. *Utah v. Div. of Forestry, Fire & State Lands*, 528 F.3d 712, 723 (10th Cir. 2008).

The court finds that relief is appropriate under Rules 59(e) and 60(b), applying the factors set forth in *Grimmett v. Burke*, 21 Kan.App.2d 638, 647, 906 P.2d 156, 164 (Kan.Ct.App.1995). Roy argues that the court erred in its prior Order in its statement that "[n]either party addresses the potential application of K.S.A. 60-203(b)." (Dkt. 26, at 4). It would have been more correct to observe that none of the parties addressed the potential application of the statute in any of the pleadings submitted to the court, and the issue was raised only belatedly in oral argument before the court.

However, the court agrees that when the *Grimmett* factors are considered in light of the circumstances of this case, the plaintiff is entitled to relief. Specifically, the first factor — defendant's actual knowledge of the suit — is present, as the manager of the restaurant forwarded a copy of the Complaint to Chili's, which was then able to serve an Answer shortly outside the limitations period. Second, the service appeared to be valid, in light of Chili's prior ownership of the restaurant and K.S.A. 60-304(e), which permits service on a

3

corporation at a business office. This is further bolstered by the apparent service and return of service. Chili's Answer contesting the service was advanced only after the limitations period ran. There are no circumstances otherwise indicating that Roy had any reason to believe that service was improper until after the limitations period ran.

Accordingly, the court finds that the service was defective but falls within the scope of K.S.A. 60-203(b), and the action against Chili's will be deemed to have commenced at the date of service, if valid service is obtained within 90 days of this Order.

IT IS ACCORDINGLY ORDERED this 13th day of July, 2011, that the plaintiff's Motion for Reconsideration (Dkt. 30) is hereby granted, the court's Order of May 25, 2011 (Dkt. 26) is vacated, and defendants' Motion to Dismiss (Dkt. 14) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE