IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GEORGIA ROY,

        Plaintiff,

vs.                             Case No. 10-2565-JTM

CHILI'S OF KANSAS, INC., doing business as
ON THE BORDER MEXICAN GRILL &
CANTINA,

        Defendant.

MEMORANDUM AND ORDER

        This action alleging personal injuries arising from a slip and fall is before the court on the defendant restaurant's Motion for Summary Judgment.

        Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hospital*, 854 F.2d 365, 367 (10th Cir. 1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir. 1985). The moving party need not disprove plaintiff's claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir. 1987).

        In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. Rather, the nonmoving party must come

forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Once the moving party has carried its burden under Rule 56(c), the party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a **genuine issue for trial**.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed.R.Civ.P. 56(e)) (emphasis in *Matsushita*). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

*Findings of Fact*

Georgia Roy alleges that she tripped over a floor mat just after passing through the doorway into the restaurant. Roy was 75 years old at the time of the accident.

Roy testified in her deposition that she saw the upturned rug or floor mat, and was able to take one or two steps before she fell, but also stated that she could not move her feet fast enough to avoid tripping. In her deposition, she was able to describe how the rug was "folded up" and could approximate the height of the rug off of the ground.

Accompanying Roy was Dawn Roy, her daughter-in-law. Dawn Roy testified that she did not see the turned-up rug. However, she also testified that she cannot recall if she came through the right or left side of the double entry doors, so that she does not know if she would have encountered the upturned floor mat, or if she avoided it by coming through the other door.

Dawn Roy also testified that there was a hostess at the host stand on the day of the accident, but she did not know who it was, or the number of individuals there. She also does not recall whether a floor mat was placed by the doorway, and agreed that she had "no testimony to offer to us in this case or to a jury of whether the rug was turned up or not."

Corey Wheeler, the manager on duty at the time of the accident, testified that Defendant

Chili's had their service managers on the floor at all times and throughout the course of the manager's shift if a safety issue was identified, they would fix it at that time. Both the wait staff and bus staff would look for safety hazards, and the daily cleaning included monitoring the areas where customers would be coming and going.

However, Wheeler did not have the restaurant patrolled or have any other systematic procedure for having employees look around the restaurant for hazards but would instead fix issues as they were identified.

In January 2008, the wait staff were responsible for hazards that were identified in their own individual areas of tables that were assigned to them. Wheeler stated that at times floor mats were moved from the entranceway because "we like the look of it at times without the mats." No steps were taken to watch the floor mat edges to ensure they did not curl over or cause a tripping hazard other than to "keep your eyes open for any, you know, any sort of hazard."

In January 2008, as general manager, Mr. Wheeler did not have the slip and fall policy of Defendant On the Border posted. He did not receive training in slip and fall prevention, nor did any of his staff. Finally, there was no vacuum at the location with which to clean the mats at the restaurant.

*Conclusions of Law*

The restaurant seeks summary judgment on several grounds. First, it argues that that the danger of the upturned rug was open and obvious, since Roy actually saw the rug before the accident. The defendant argues that under Kansas law, an inviter is not under a duty to remove known or obvious dangers. *See Walters v. St. Francis Hospital and Medical Center*, 23 Kan.App.2d 595, 599, 932 P.2d 1041 (1997). (citing *Balagna v. Shawnee County*, 233 Kan. 1068, 1083, 668 P.2d 157 (1983) (overturned on other grounds)).

The court finds that summary judgment should not be awarded on the grounds cited. Of course, "the mere fact that an invitee slips and falls on the floor of the inviter's property does not raise an inference of negligence." *Chambers v. Skaggs Cos*., 11 Kan.App.2d 684, 687, 732 P.2d 801

(1987) (citing *Carter v. Food Center*, 207 Kan. 332, 335, 485 P.2d 306 (1971)). However, "[i]n a liability action, negligence may be decided as a matter of law only when reasonable persons could not reach differing conclusions regarding the same evidence." *Chambers v. Skaggs Cos.*, 11 Kan.App.2d 684, 689, 732 P.2d 801 (1987) (citing *Mechtley v. Price*, 217 Kan. 344, 536 P.2d 1385 (1975)).

Here, there is evidence from which a rational fact-finder could conclude that the danger of the upturned rug, being so close to the entryway, was obvious only after it was too late to avoid. After the door was opened for her, Roy entered the restaurant and "I couldn't adjust my feet quickly enough." Given the evidence, the court cannot say that the danger was avoidably obvious to entering patrons.

The restaurant next contends that Roy has failed to come forward with evidence that it failed to use reasonable care in keeping the area safe, or that the upturned mat existed long enough that the restaurant ought to have known of it. *See Brock v. Richmond-Berea Cemetery Dist.*, 264 Kan. 613, 620, 957 P.2d 505 (Kan. 1998) ("plaintiff generally must show that the defendant had actual knowledge of the condition or that the condition had existed for such a length of time that in the exercise of ordinary care the landowner should have known about it")

The plaintiff contends that the restaurant may be liable under Kansas law, since the requirement of demonstrating actual notice of a dangerous condition only applies when the condition was not created by the defendant.

> Traditionally, where the dangerous condition is not created through the active fault of the proprietor or its agents, the plaintiff must prove the proprietor had actual, constructive, or inferred knowledge or notice of the condition to establish liability. *Carter* [*v. Food Center*], 207 Kan. [332,] 335, 485 P.2d 30 [(1971)]; *Chambers*, 11 Kan.App.2d at 687, 732 P.2d 801. In contrast, where the customer's injury is caused by dangerous conditions negligently created or maintained by the proprietor or its agents, the proprietor is deemed to have actual notice and it is not necessary for the plaintiff to show the proprietor had notice of the condition. *Little* [*v. Butner*], 186 Kan. [75,] 81, 348 P.2d 1022 [(1960)]; *Elrod v. Walls, Inc.*, 205 Kan. 808, 811, 473 P.2d 12 (1970). Thus, if the dangerous condition is traceable to the proprietor's actions, proof of notice is unnecessary. *See Carter*, 207 Kan. at 335, 485 P.2d 306; *Knowles v. Klase*, 204 Kan. 156, 157, 460 P.2d 444 (1969). *See generally* Annot., 85 A.L.R.3d 1000.

*Jackson v. K-Mart*, 16 Kan.App.2d 716, 720, 828 P.2d 941 (1992)

Roy contends that the upturned floor mat is attributable to the defendant's own negligence. Specifically, there is evidence that restaurant management periodically removed the mats for the sake of appearance. Unlike the seating area of the restaurant, there was no specific procedure for assuring the safety of the entryway. Under all of the facts of the case, a rational factfinder could conclude that the mats were returned to the entryway without due care, or that the defendant failed to use due care in maintaining the safety of the entryway. Given the strong preference for resolving issues of negligence at trial, the court will deny the defendant's Motion for Summary Judgment.

IT IS ACCORDINGLY ORDERED this 8th day of November, 2012, that the defendant's Motion for Summary Judgment (Dkt. 78) is denied.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE